Ruffin, Judge,
dissentients. — I do not propose to dis - cuss at large the intricate question involved in this case | but content myself with barely saying that I cannot concur in the opinion of the Court. It is known, t!iat the decision in Phillips v. Smith (1 Law Rep. 475) was made with much hesitation, and by a bare majority. Both of the Judges with whom I now sit were of a different opinion. I admit, that I should then have coincided with them. On covenants relating to personal things, the actual damages sustained by a breach are recovered. Thus the value of a specific article at the time it ought to be delivered, or the value of slaves 'at the time of eviction, are the uniform measures of damages. I conceive, that when we give the personal remedy by action of covenant on a warranty of land; we adopt all its consequences $ and among them, that the party evicted shall be indemnified for.his loss. The covenant for quiet enjoyment is peculiarly applicable to terms for years ; and when the term is half gone, it is plainly unjust that the covenantee should recover the price he paid for the whole term. It seems to be a principle of natural justice, that he who has contracted for an indemnity in, the most extended terms, should not be restricted to a partial one, by mere construction. But in relation to warranties in deeds for the fee simple, a rule was adopted in the case alluded to, which has been considered a settled one. It professes to he drawn from the principles of the common law, applicable to pure, warranties, k the action of *488 warranties charla. To its authority I .yield; and upon its authority I found myself in the present case. I think the opinion of my brethren a departure from it. The vajue at the time of the sale is the measure there prescribed. It ought to operate both ways. If the vendor be not liable for more, he ought not to be for less. I understand it to be admitted, that if his immediate ven-dee be the person evicted, he is still liable for that. I do not see why he should not be equally so to the as-signee of liis vendee. Does the assignment change his covenant? it runs with the land; and he who buys the land, buys the covenant. He gets the whole of it. But itis said, that the assignor in such case cannot recover from the. first vendor more than the evicted vendee gave for thé land; because this is all the assignor would be obliged to pay the assignee, and therefore he has a complete indemnity. This is changing the rule essentially. Itputs it upon the amount of the loss, not the price paid. It would seem to me, that whoever buys land with a covenant adhering to it, takes with it all the advantages which it conferred on his assignor. It is so in personal contracts ¡ for we do not inquire what the assignee of a bond gave for it — the obligor must pay him the whole. If we are not to follow Phillips v. Smith out to all its consequences, then we ought to recur to the true principle of giving the real value at the time of eviction ; and if that were the opinion of the Court now, I should give my assent. That rule is too just to all parties to be wrong. We ought to recur to it, or adhere to the other, which has superseded it. Put a case upon the new one. Suppose Sheppard had sold to Wiliams without warranty. In that case, Sheppard is not bound to pay any thing to Williams upon eviction. Is Beeman released too? He must be, if he be liable to pay to Sheppard only what the latter is bound to pay to Williams. Then all warranties of land sold under execution are gone. I cannot think so.
Per Curiam. — Det the judgment below be reversed.